UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GUILLERMO ABERADO,

                                  Plaintiff,                  **COMPLAINT**

        -against-                                              Jury Demand

THE CITY OF NEW YORK,
JOHN AND JANE DOES 1-3

                                  Defendants.
-------------------------------------------------------------------x

        Plaintiff Guillermo Aberado ("Plaintiff") by and through his attorneys Robert Blossner, Esq. and Vik Pawar, Esq., respectfully alleges as follows:

        1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees for violations of their civil rights, as secured by statutes and the Constitution of the United States and the State of New York.

        2.     Plaintiff has complied with conditions precedent to filing state law claims by filing timely notice of claim, giving permission to attend 50h hearing and giving the City adequate time to settle his claims and this lawsuit is commenced within one year and ninety days of the incident.

## PARTIES

        3.     Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of New York, and CITY and State of New York.

4. Defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The John and Jane Does 1-3 ("individual defendants") are or were employed by the CITY and acted under the color of state law and are sued in their individual capacity.

## FACTS

6. On September 2, 2022, plaintiff was a pre-trial detainee housed at RNDC section of Rikers Island operated by the CITY.

7. On the above date, for reasons unknown to plaintiff, the individual defendants started spraying chemical spray/mace towards all the inmates including working as a food delivery bike driver.

8. The individual defendants were deliberate in their assault on the inmates and were indiscriminately spraying inmates even the ones who were compliant and not causing any disturbance.

9. As a direct result of this assault, plaintiff ran towards the shower area to rinse the chemical irritants from his body.

10. As plaintiff ran towards the shower area, he slipped and fell in a wet area that preceded the showers.

11. The wet conditions in that area had been visible and present for a long period of time and visible to the defendants.

12. As a direct result of the assault on the plaintiff and the ensuing fall in the wet area, plaintiff suffered serious physical and psychological injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
(Assault and Battery)

13. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

14. The Defendants committed acts that caused harm to Plaintiff.

15. The Defendants intended to inflict injury or pain on Plaintiff.

16. As a reason of the assault and unlawful battery by the Defendants Plaintiff was apprehensive and suffered physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Harassment)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

18. The Defendants intended to harass, annoy or alarm Plaintiff.

19. These defendants acted in a way that caused Plaintiff to be harassed, annoyed and alarmed.

20. As a result of their conduct, Plaintiff suffered and continue to suffer mental and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

23. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by the City.

3

24. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

25. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

26. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Defendant City owed a duty to individuals like Plaintiff to properly screen, train, hire and then appropriately discipline its employees.

29. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

30. As a result, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Defendant City owed a duty to individuals like Plaintiff.

33. Defendant City breached its duty when individual DOE Defendants engaged in and participated in the violation of Plaintiff rights.

34. As a result, Plaintiff suffered injuries.

35. Plaintiff' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused Plaintiff' irreparable physical and emotional injuries.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Eighth and Fourteenth Amendments- cruel and unusual punishment, deliberate indifference, excessive force)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. Defendants engaged in cruel and unusual punishment and violated the plaintiff's due process rights by indiscriminately spraying chemicals into his face even though plaintiff was not engaged in any disruptive behaviors.

40. These practices by defendants are not uncommon and have resulted injuries to individuals such as plaintiff on a widespread basis.

41. In addition, the indiscriminate spraying of chemical sprays upon inmates is a direct result of the City's failure to train their employees so that the use of spray is the last resort.

42. In addition, the City has inadequate policies in place that prevents individuals who have bene sprayed with a chemical substance to be able to rinse them off without causing further damage.

43. Defendant City's lack of training, individual defendants' indiscriminate assault on inmates led to the injuries suffered by plaintiff.

**WHEREFORE**, Plaintiff seeks judgment against the defendant individually, jointly, severally in the amount to be determined by the jury for each and every cause of action, costs, expenses and attorney fees, and any other relief that the Court may deem just and proper.

**Dated**: May 20, 2023
New York, New York 10007

Respectfully,

Vik Pawar
Robert Blossner
20 Vesey Street Suite 1410
NY NY 10007
212 571 0805