UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUILLERMO ABERADO,

                Plaintiff,

– against –

THE CITY OF NEW YORK, JOHN AND JANE DOES 1–3,

                Defendants.

**ORDER**

23-cv-4266 (ER)

Ramos, D.J.:

      On May 23, 2023, Guillermo Aberado, a prisoner at Rikers Island, filed this action alleging unsafe prison conditions and violations of his civil rights. Aberado brought claims against the City and John and Jane Does 1–3, employees of the City, for assault and battery; harassment; intentional infliction of emotional distress; negligence in training and hiring; negligence; *respondeat superior* liability; as well as Eighth and Fourteenth Amendment claims for cruel and unusual punishment, deliberate indifference, and excessive force. Doc. 1. On August 21, 2023, the Defendants answered the complaint. Doc. 8. On August 31, 2023, Defendants served Aberado their discovery requests. Doc. 14. Receiving no response, on January 4, 2024, Defendants filed a motion to compel Aberado to respond to the requests. *Id.* Later that same day, counsel for Aberado field a letter explaining he was awaiting his client's discovery responses and that, once received, he would send them to Defendants. Doc. 15. In light of counsel for Aberado's representations, the Court ordered the parties to submit a joint status report by February 5, 2024. Doc. 16.

      In the February 5, 2024 status report, counsel for Aberado advised the Court he had yet to receive his client's discovery responses, and requested an additional thirty days to contact Aberado's family and friends and to provide another status report. Doc. 19. The Court then

directed the parties to provide a second status report by February 20, 2024. Doc. 20. In the second status report, counsel for Aberado stated that he "has not heard from plaintiff or his family." Doc. 21. On February 21, 2024, the Court instructed Aberado to respond to the discovery requests by April 22, 2024, and warned him that "failure to do so may result in a dismissal for failure to prosecute" pursuant to Federal Rule of Civil Procedure 41(b). Doc. 22.

On May 1, 2024, the Defendants submitted a letter advising the Court that they still have not received discovery responses from Aberado. Doc. 23. On May 2, 2024, counsel for Aberado submitted a letter indicating he has not heard from his client or from his client's family and friends. For the reasons set forth below, the Court now dismisses Aberado's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

II. Discussion

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Aberado was served requests for discovery over eight months ago, but has yet to respond. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found

sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16-cv-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Aberado was given clear notice that failure to respond to Court orders could result in dismissal.  In its February 21, 2024 order, the Court specifically warned him that failure to respond to Defendants' discovery requests by April 22, 2024 could result in dismissal for failure to prosecute.  Doc. 22.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Given Aberado's failure to advance the case forward by providing discovery responses, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Aberado has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker v. The City of New York*, No.-cv-3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, there are no weaker sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17-cv-1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:  May 7, 2024
        New York, New York

                                                  Edgardo Ramos, U.S.D.J.